IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH WADE LONG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0008 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner JOSEPH WADE LONG has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 251st Judicial District Court of Randall County, Texas, for the felony offense of aggravated robbery. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On May 31, 2000, in Cause No. 13,116-C, styled *The State of Texas vs. Joseph Wade Long*, petitioner was indicted for the felony offense of aggravated robbery. *Ex parte Long*, No. 54,210-01 at 61. Petitioner pleaded not guilty and was tried by a jury who held otherwise. *Id.* at

---

[1] The previous named respondent was Janie Cockrell who was succeeded by Douglas Dretke on August 1, 2003 as Director of the Texas Department of Criminal Justice, Institutional Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Dretke is automatically substituted as a party.

162-165.² On May 24, 2001, judgment was entered and petitioner was sentenced to fifty (50) years imprisonment in the Texas Department of Criminal Justice, Institutional Division and assessed a $10,000.00 fine. *Id.*

On October 30, 2001, petitioner's conviction was affirmed on direct appeal, in an unpublished opinion by the Seventh District Court of Appeals. *Long v. State*, No. 07-01-0244-CR (Tex.App.--Amarillo 2001); *Ex parte Long*, No. 54,210-01 at 177-179. Long did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

On September 25, 2002, petitioner filed a state application for a writ of habeas corpus challenging the instant conviction. *Ex parte Long*, No. 54,210-01 at 1. On December 18, 2002, the Texas Court of Criminal Appeals denied petitioner's application without written order. *Id.* at cover. On January 4, 2003, the instant application for federal habeas relief was filed in this Court.³

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied due process when the trial court failed to properly instruct the jury regarding accomplice witness testimony; and

2. Petitioner was denied effective assistance of counsel because his trial attorney:
    a. improperly posed a hypothetical during voir dire wherein he conceded petitioner's guilt;
    b. failed to pursue a pre-trial motion to recuse;

---

²Petitioner was tried twice on this charge. The first trial ended in a mistrial. *Ex parte Long*, No. 54,210-01 at 53, 121.

³*See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

      c.      failed to lodge an objection to the jury charge; and
      d.      failed to call alibi witnesses.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Respondent concedes petitioner has sufficiently exhausted his state court remedies with regard to the issues raised in the instant habeas application, and does not move for dismissal for failure to exhaust. It is, therefore, the opinion of the undersigned that petitioner's habeas application not be dismissed due to any failure to exhaust state court remedies, but instead the petition should be determined on the merits.

## IV.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence

presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner has filed one (1) state habeas application in the Texas Court of Criminals Appeals relating to Cause No. 13,116-C. The Court of Criminal appeals denied *Ex parte Long*, App. No. 54,210-01 on December 18, 2002, without written order. The ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

## V.
## MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights. Based upon a review of the state court records the pleadings of record with this Court, it is the opinion of the Magistrate Judge that petitioner has failed to show he is being unlawfully detained in violation of the Constitution and laws of the United States.

Petitioner has completely failed to show the denial of his habeas corpus relief by the state courts was an unreasonable determination of the facts in light of the evidence presented during the State court proceeding. Review of the state habeas records, particularly the state's answer, the affidavit of Assistant District Attorney Gore, and the affidavit of trial counsel for petitioner, Mr. David Isern, lends to this determination. *Ex parte Long*, App. No. 54,210-01 at 37-50, 53-56, 57-60.

Since petitioner has failed to overcome this AEDPA threshold requirement, he may not

obtain relief in federal court.  Notwithstanding this determination that petitioner is not entitled to relief, the merits of petitioner's claims are analyzed below.

Trial Court's Failure to Properly Instruct the Jury

Petitioner has alleged the trial court erred because it failed to instruct the jury regarding accomplice witness testimony.[4]  Specifically, petitioner argues his due process and equal protection rights were denied in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article 1 §10 of the Texas Constitution as well as articles §36.14 and §38.14 of the Texas Code of Criminal Procedure.[5]  Petitioner's Brief at 2.

To the extent petitioner challenges his rights under the Texas Constitution and the Texas Code of Criminal Procedure, were violated, such claims do not present grounds cognizable in federal habeas review.  The undersigned agrees with respondent that petitioner's allegations present only questions of state law and are not cognizable in a federal habeas corpus action. *Fuller v. Johnson*, 158 F.3d 903 (5th Cir. 1998), *Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986).

To the extent petitioner alleges the trial court erred by failing to instruct the jury on accomplice witness testimony in violation of his federal constitutional rights to due process and equal protection, such claim is without merit.  As articulated by respondent, "[t]he state-law requirement that accomplice witness testimony be corroborated has no independent [U.S.] constitutional footing."  Respondent's Answer at 7, citing *Thompson v. Lynaugh*, 821 F.2d 1054, 1062 (5th Cir.), *cert. denied*, 483 U.S. 1035, 108 S.Ct. 5, 97 L.Ed.2d 794 (U.S.Tex. Jul 07, 1987)

---

[4] For the statement of facts, see respondent's Answer at 2-4, citing the State's Answer in the state habeas proceeding, *Ex parte Long*, No. 54,210-01 at 38-41.

[5] Texas Code of Criminal Procedure §36.14 governs charges to the court and §38.14 sets forth the parameters for testimony by an accomplice.

(NO. 87-5052, A-23).

Finally, even if this Court were to consider the merits of this claim, petitioner would not be entitled to relief. The Seventh District Court of Appeals found the omission did not give rise to egregious harm because there was ample evidence, aside from the accomplice witness testimony, upon which to find petitioner guilty. *Long v. State*, No. 07-01-0244-CR (Tex.App.--Amarillo 2001); *Ex parte Long*, No. 54,210-01 at 178 n.1. Petitioner's claim should be DENIED.

<u>Effectiveness of Counsel</u>

Petitioner next claims he received ineffective assistance of counsel. The proper standard for judging a petitioner's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* standard, a petitioner must show defense counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.

A petitioner must also show counsel's deficient performance prejudiced the defense. To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. Specifically, petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the petitioner of a fair trial with a reliable result." *Id.* at 694.

In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the

profession. Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight. *Id.* at 689. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977 (1993).

A.
Concession of Guilt

Petitioner first alleges trial counsel improperly posed a hypothetical during jury voir dire which conceded petitioner's guilt. Specifically, petitioner claims his attorney asked the venire panel if it was fair for one co-defendant to get probation and the other jail time for committing the same offense, and that counsel then conceded petitioner's guilt when he informed the jury panel petitioner's co-defendant received probation. Petitioner's Brief at 10-12. Respondent adequately addressed this issue in his answer. Respondent's Answer at 10-11.

The state habeas records contain an affidavit of petitioner's trial counsel addressing this issue. That affidavit provides as follows:

> The applicant's allegation, however, is completely false. At no time during the entire voir dire examination did I ever concede that my client was guilty of the offense of aggravated robbery in Cause No. 13,116-C. Since I knew the State was going to call Brandon Jason Hunter as a witness, I felt it was important to inform the jury that one of the co-defendants in this case has received probation. By divulging such fact during the voir dire examination, I was better able to question the jurors about whether they could consider the full range of punishment for the offense on trial.
> ....

> I told the prospective jurors about the co-defendant's probated sentence in order to find out how the jurors felt about probation and whether the jurors could consider the full range of punishment for different co-defendants in the same case. Again, I never conceded that the applicant was guilty of the indicted offense. Instead, I simply questioned the jury about important punishment issues to determine if they could consider the full range of punishment for the offense on trial.

*Ex parte Long*, No. 54,210-01 at 58-59. Trial counsel's statement demonstrates he had a reasonable trial strategy when deciding to question the potential jury about the co-defendant/witness and about punishment issues. The *Strickland* analysis is highly deferential to counsel's strategic decisions. Unless such a strategic decision was, "so ill chosen that it permeates the entire trial with obvious unfairness," it cannot be the basis for a constitutional claim of ineffective assistance. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)(internal cite omitted). In the case at bar, petitioner has provided nothing to support this contradicted allegation that trial counsel conceded petitioner's guilt to the potential jury. Moreover, petitioner has failed to show that counsel's actions were not sound trial strategy. For these reasons, his claim in this regard must fail.

B.
Motion to Recuse

Petitioner next argues that trial counsel was ineffective for failing to, "recuse the Randall County prosecutor's office and seek a special prosecutor as allowed by Texas law." Petitioner's Brief at 10. Respondent has adequately addressed this issue in his answer. Respondent's Answer at 11-12. Petitioner argues,

> The record is not clear if in fact counsel pursued the Motion to a ruling, however what is clear is that Petitioner was tried in Randall County and was convicted. And, if the Motion was denied it would have been subject to immediate review. This failure to pursue and appeal barred the challenging Motion from review and robbed Petitioner of a viable opportunity for a defense or mitigation of punishment.

*Id.* Trial counsel also responded to this allegation in the state court proceeding by stating,

> I filed a motion to recuse the Randall County Criminal District Attorney's office from this case because I learned from police reports that Roger Wineinger (an Assistant Randall County Criminal District Attorney) owned the restaurant which was robbed in Cause No. 13,116-C. However, I was later informed at the pre-trial hearing on my recusal motion that Roger Wineinger was not involved in any stage of the prosecution of my client's aggravated robbery case. Once I discovered that Roger Wineinger was not involved in the prosecution, it was clear to me that no grounds existed which would require the Randall County District Attorney's office to recuse itself from Cause No. 13,116-C. As a result, I did not feel it was necessary or advantageous to appeal Judge Pirtle's denial of my recusal motion.

*Ex parte Long*, No. 54,210-01 at 57. As supported by the state court record, trial counsel did file a motion to recuse which was denied by the trial judge as being without merit because the basis of the motion, that the restaurant owner was involved in the prosecution of the case, was not accurate. This fact is supported by the affidavit of Richard Gore, the Assistant Randall County Criminal District Attorney who prosecuted this case. *Id.* at 53-56. Counsel was not required to file a frivolous and unsupported appeal of the denial of the motion to recuse. Also, petitioner's allegations that the failure to appeal denied him a defense at trial or entitled him to mitigation is without merit. Assuming counsel had appealed and the motion to recuse was granted, petitioner's relief would merely have been to be tried by special prosecutor. There still would have been a trial with the same facts. The fact that the Randall County Criminal District Attorney's office originally brought the charge would not have entitled petitioner to a defense or to mitigation. Petitioner has failed to show how recusal of the Randall County District Attorney's office would have benefitted him. This claim must fail.

### C.
### Objection to Jury Charge

Petitioner next claims counsel was ineffective because he failed to object to the jury charge because it did not contain an instruction on accomplice witness testimony. Under Texas

law, a defendant is entitled to an instruction that an accomplices's testimony should be considered by a jury only if it is corroborated by other evidence which tends to connect defendant with the offense. TEX. CODE CRIM. PROC. art. §38.14. Trial counsel's affidavit in the state habeas proceeding explains he did not object to the lack of such an instruction for, "I did not feel that I needed to object to the jury charge because there was ample evidence in the record to connect the applicant to the commission of the aggravated robbery without the testimony of the accomplice." *Ex parte Long*, No. 54,210-01 at 59.[6] Even assuming the failure to object constituted error, petitioner has failed to show prejudice. First, the appellate court found no egregious harm because ample evidence existed in the trial record to connect petitioner to the crime other than the accomplice testimony. *Long v. State*, No. 07-01-0244-CR (Tex.App.--Amarillo 2001); *Ex parte Long*, No. 54,210-01 at 178 n.1. Additionally, petitioner has failed to demonstrate that the denial of relief by the Seventh District Court of Appeals was contrary to clearly established federal law and or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented. Petitioner's claim is without merit.

### D.
### Failure to Call Alibi Witnesses

Petitioner's final claim of ineffective assistance is that counsel failed to call alibi witnesses, specifically, Bobby Robles or Yvonne Miller. Petitioner filed a motion to amend petition which was granted by the undersigned on February 9, 2004. In such motion to amend, petitioner submitted affidavits from the alibi witnesses Robles and Miller which pre-date petitioner's first trial. In response to such motion to amend, respondent claims, contrary to

---

[6]Specifically counsel referred to the testimony at trial of Yalanda Fay Foster who testified petitioner admitted to her he committed the robbery. *Ex parte Long*, No. 54,210-01 at 178.

petitioner's position, this evidence was not presented to the Texas Court of Criminal Appeals and thus petitioner has not exhausted the issue and is procedurally barred from raising it herein. The undersigned notes that in the order granting petitioner's motion to amend it was stated, "The granting of the motion to amend does not constitute any ruling that petitioner has adequately exhausted his state court remedies, or that he is not procedurally barred from presenting these documents." The state court records do not contain a transcript from petitioner's first trial, which would have included the witness testimony of the two alibi witnesses, nor does it contain, in the state habeas records, copies of the two affidavits at issue.  The undersigned finds that such statements were not presented to or considered by the Texas Court of Criminal Appeals on state habeas review and thus should be procedurally barred.  However, the merits of petitioner's claim will also be addressed.

Trial counsel addressed this issue in his affidavit in the state habeas proceeding as follows,

> During the first trial, which resulted in a hung jury, Bobby Robles essentially testified that he did not really know or remember if the applicant was present at his house on April 4, 2000 from 3:00 p.m. to midnight. Mr. Robles specifically testified that he does not pay attention to dates and could not be sure the applicant was at his house on the night of the robbery. Given Mr. Robles criminal history and the fact that he did not really know if the applicant had been at his house on the night of April 4, 2000, I decided not to call Mr. Robles as an alibi witness. I felt that Mr. Robles testimony might hurt, rather than help, my client's case. As for Yvonne Miller, I also did not call her as an alibi witness for strategic reasons. Yvonne Miller was either married to, or the girlfriend of, Bobby Robles. Even though Ms. Miller testified during the first trial that she remembered the applicant being at her house on the night of April 4, 2000, the State could have easily rebutted her testimony at the second trial by calling Mr. Robles to the stand. By calling Mr. Robles to the stand as a rebuttal witness, the State could have destroyed Ms. Miller's credibility and rendered her testimony completely useless. Alternatively, if Mr. Robles took the stand at the second trial and stated that the applicant was at his house on the night of April 4, 2000, then the State could have impeached him with the testimony he gave under oath at the first trial. In other words, it would have been an extreme risk for me to call Yvonne Miller as an

> alibi witness at the second trial given Bobby Robles' testimony at the first trial and given the fact that Miller and Robles were both present and together at Robles' house at the time in question.

*Ex parte Long*, No. 54,210-01 at 59.  Counsel's affidavit demonstrates a reasonable trial strategy supporting counsel's decision not to call these two witnesses.  The *Strickland* analysis presumes counsel's strategic decisions were not ineffective.  Unless such a strategic decision were, "so ill chosen that it permeates the entire trial with obvious unfairness," it cannot be the basis for a constitutional claim of ineffective assistance.  *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)(internal cite omitted).  Petitioner has provided nothing to support his argument and has failed to show that counsel's actions were anything but sound trial strategy.  Petitioner has failed to meet his burden under *Strickland* and his claims of ineffective assistance of counsel should be denied.  Additionally, all four of petitioner's ineffective assistance of counsel claims were adjudicated in state court.  The Court of Criminal appeals denied *Ex parte Long*, App. No. 54,210-01 on December 18, 2002, without written order.  The ruling of the Texas Court of Criminal Appeals constitutes an adjudication of petitioner's claims on the merits.  *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).  Petitioner has failed to show the state court decision was unreasonable.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JOSEPH WADE LONG be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 3rd day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * <u>NOTICE OF RIGHT TO OBJECT</u> *

    Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).